WANTZELIUS, OLIVER & CO., PLAINTIFFS AND APPELLEES, *v.* G. CORRADA & CO., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Ponce in an Action for Damages on Contract.

No. 1422.—Decided July 10, 1916.

DAMAGES—CONTRACT—MERCHANTS—RESALE.—In this case a contract for the purchase and sale of coffee to be delivered in December, 1914, was entered into by the parties, both of whom were merchants. The contract was not complied with and damages were claimed, consisting of the difference be-

tween the purchase price and the higher price at which the coffee was contracted to be resold. The defendants pleaded that they were liable only for such damages as could ordinarily be foreseen. *Held:* That pursuant to section 1074 of the Civil Code, both parties being merchants, the defendants could have foreseen that the plaintiffs had purchased for the purpose of reselling; therefore the judgment for plaintiffs was affirmed.

The facts are stated in the opinion.

*Messrs. José* and *Manuel Tous Soto* for the appellants.

*Mr. A. F. Castro* for the appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

In this case there is no serious dispute over the facts but the appellant insists that, admitting that it failed to perform its contract, it was responsible only for the difference in the market price of the goods agreed to be sold and not for any additional sum. The appellee, however, gave evidence tending to show that it made a contract with the appellant for a delivery of coffee in December, 1914, and that said appellee had another contract for a delivery of coffee in Genoa at an enhanced price. The court found in favor of the complainant and appellee.

The appellant cites section 1074 of the Civil Code to the effect that it should only be held responsible for damages that could normally be foreseen and not those arising from an unknown contract existing between the appellee and a firm in Genoa. Section 1073 of the Civil Code provides for the loss of profits when in connection with section 1074 such profits may be foreseen. Appellee, however, draws attention to the fact that both parties were merchants and that the appellant could have known that the appellee made a contract to buy for the purpose of reselling and we agree with the contention. See in this regard Sánchez Román, 4 *Derecho Civil,* 295, cited by both parties.

The judgment must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.